IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| LA'John Devarus Gaither, | ) | C/A No.: 1:23-316-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND NOTICE |
| Sheriff Chuck Wright; Major Lesso; and Corporal Clayton, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

LA'John Devarus Gaither ("Plaintiff"), proceeding pro se and in forma pauperis, is detained in the Spartanburg County Detention Center ("SCDC"). He filed this complaint alleging a violation of his constitutional rights by Sheriff Chuck Wright, Major Lesso, and Corporal Clayton. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges four inmates are housed in small living quarters, and they do not have enough room to walk. [ECF No. 1 at 5]. He says he informed the facility that the rooms were unbearably hot on December 13, 2022, but there have been no results. *Id.* at 6. Plaintiff claims he became sick with a head cold and symptoms of COVID-19 on December 26, 2022. *Id.* He states he

"became sick from the room temperatures being severely hot which caused black mold build up in [his] room." *Id*. He claims he is still sick and cannot breathe properly. *Id*. at 7. He seeks money damages.

II.   Discussion

    A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d

Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.     Analysis

#### 1.     Supervisory Liability

Plaintiff's complaint contains no factual allegations against Defendants. Plaintiff alleges generally he was harmed by the conditions of his confinement at SCDC, but he makes no specific allegations regarding how Defendants personally violated his constitutional rights. Therefore, Plaintiff has not alleged sufficient facts allowing the court to find any individual is potentially liable to him. To the extent Plaintiff has sued Defendants in their supervisory capacities, he has failed to state a claim under § 1983. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court

explains that "[b]ecause vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Plaintiff does not allege Defendants are responsible for, or even aware of, the issue about which he complains.

### 2.     Conditions of Confinement

Although Plaintiff alleges various conditions of his confinement are unconstitutional, his allegations fail to demonstrate an Eighth Amendment violation. "The Constitution does not mandate comfortable prisons." The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). To demonstrate

that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and . . . reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832. As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Id.* at 847; *see also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). Further, a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. *See Strickler*, 989 F.2d at 1380–81. To the extent Plaintiff alleges he has not been properly treated for a cold, he has not explained how Defendants were responsible for his medical care.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **March 2, 2023**, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.")

5

(citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

February 10, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge